JUDGE SCHEINDLIN

Lee S. Gayer
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
Attorneys for Plaintiff

07 CIV 9836

NOV 06 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEPHERD INVESTMENTS INTERNATIONAL, LTD.,

Plaintiff,

v.

PAINCARE HOLDINGS, INC.,

Defendant.

**Civil Action No.___________**

**COMPLAINT**

Plaintiff Shepherd Investments International, Ltd. ("Shepherd") by its attorneys Ropes & Gray LLP, as and for its Complaint, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff Shepherd brings this action for breach of contract and breach of the implied covenant of good faith and fair dealing to recover liquidated and other damages owed to it by Defendant PainCare Holdings, Inc. ("PainCare"), pursuant to a Securities Purchase Agreement. Despite the unambiguous terms of the written contract, and despite due demand, PainCare has refused to make payment to Shepherd.

**PARTIES**

2. Plaintiff Shepherd is a company organized under the laws of the British Virgin Islands, with its registered address being Harneys Corporate Services Limited, Craigmuir Chambers, P.O. Box 71, Road Town, Tortola, British Virgin Islands. Shepherd is managed by Stark Offshore Management LLC, a Wisconsin limited liability company. Shepherd is part of a complex of multi-strategy investment funds that operate under the Stark Investments trade name. Stark Investments and Shepherd provide multi-asset investment capabilities through a diverse array of fundamental and quantitative strategies to investors worldwide.

3. Defendant PainCare is a corporation organized under the laws of Florida with its principal place of business at 1030 North Orange Avenue, Suite 105, Orlando, Florida. Upon information and belief, PainCare operates ambulatory surgery centers, and provides various pain management solutions, including: interventional pain management; minimally invasive spine surgery; orthopedic rehabilitation; physiatry; and diagnostics to healthcare providers.

**JURISDICTION & VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the value of $75,000, and is not between citizens of the same state.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391, and pursuant to Section 9(a) of the Securities Purchase Agreement dated as of December 29, 2005 (the "Agreement"), entered into by the parties herein.

**GENERAL ALLEGATIONS**

6. On December 29, 2005, PainCare and various investors, including Shepherd, entered into the Agreement, a copy of which is attached hereto as Exhibit A and made part of this Complaint.

7. Pursuant to the Agreement, Shepherd purchased 750,000 shares of PainCare's

common stock (the "Common Stock") and a warrant to purchase an additional 306,325 shares of PainCare's common stock (the "Warrant Shares") (the Warrant Shares and Common Stock are referred to, collectively, as the "Shepherd Registrable Securities"), for a total investment amount of $2,325,000.

8. The sale of the Shepherd Registrable Securities pursuant to the Agreement closed on January 30, 2006.

9. Section 6 of the Agreement, the Registration Rights provision, obligated PainCare to cause a Registration Statement covering, among other securities, the resale of the Shepherd Registrable Securities, to be filed and declared effective by the Securities and Exchange Commission ("SEC") no later than 120 calendar days after the closing of the sale of the Shepherd Registrable Securities pursuant to the Agreement, i.e., by June 1, 2006. The effectiveness of the Registration Statement would enable Shepherd to resell the Shepherd Registrable Securities, consistent with the parties' expectations.

10. PainCare did not cause the Registration Statement to be declared effective until May 8, 2007 – over 11 months after the June 1, 2006 deadline.

11. The Agreement provides that Shepherd shall be entitled to liquidated damages in the event the Registration Statement is not effective by June 1, 2006. Section 6(b)(iv) of the Agreement, in part, provides:

> Should an Event (as defined below) occur, then upon the occurrence of such Event, and on every monthly anniversary thereof until the applicable Event is cured, as partial relief for the damages suffered therefrom by [Shepherd] (which remedy shall not be exclusive of any other remedies available under this Agreement, at law or in equity), [PainCare] shall pay to [Shepherd] an amount in cash, as liquidated damages and not as a penalty, equal to 1.0% (the "Percentage") of the aggregate Purchase Price paid or payable by [Shepherd] for the Securities; provided that if the Event shall continue for three (3) months, beginning with the fourth month, the Percentage shall be increased to 2%. The payments to which

> [Shepherd] shall be entitled pursuant to this Section 6(b)(iv) are referred to herein as "Event Payments". In the event [PainCare] fails to make Event Payments in a timely manner, such Event Payments shall bear interest at the rate of 1.0% per month until paid in full. For such purposes, each of the following shall constitute an "Event":
>
> (1) the Registration Statement is not filed on or prior to the Filing Date or is not declared effective on or prior to the Required Effectiveness Date, except as a result of any action or inaction of [Shepherd]; . . ..

12. Pursuant to Section 6(b)(iv) of the Agreement, cash liquidated damages of 1% of Shepherd's investment amount began accruing on June 2, 2006 (the "Event Date") and continued to accumulate and accrue at the rate of 1% for each monthly anniversary of such Event Date until the fourth monthly anniversary of the Event Date. Under the terms of the Agreement, beginning with the fourth month, the liquidated damages increased to 2% of Shepherd's investment amount. On May 8, 2007, the Registration Statement finally became effective and the accrual of liquidated damages ceased.

13. Under Section 6(b)(iv) of the Agreement, interest on the unpaid liquidated damages has accrued at 1% per month, and continues to accrue. To date, the total amount due to Shepherd as liquidated damages and interest is in excess of $500,000.

14. On October 30, 2006, Shepherd duly sent a letter to PainCare demanding payment of the liquidated damages and interest owed to Shepherd under the Agreement.

15. On or about December 21, 2006, Mark Szporka, the Chief Financial Officer and a Director of PainCare, called a representative of Shepherd, and stated that PainCare would make a proposal after the new year (January 1, 2007) concerning payment of the liquidated damages and interest that PainCare owes to Shepherd. Notwithstanding that assurance, PainCare has never made such a proposal.

16. On or about July 25, 2007, counsel for Shepherd sent a second letter to PainCare

demanding payment of the liquidated damages and interest owed to Shepherd under the Agreement.

17. PainCare has not responded to the July 25, 2007 letter.

## COUNT I

## BREACH OF CONTRACT

18. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 17 of the Complaint.

19. PainCare and various investors, including Shepherd, entered into a valid written Agreement, which provided for liquidated damages in the event the Registration Statement for the Shepherd Registrable Securities was not declared effective by June 1, 2006.

20. A Registration Statement for the Shepherd Registrable Securities was not declared effective until May 8, 2007 – over 11 months after the June 1, 2006 deadline.

21. Shepherd has faithfully and fully performed all of the conditions and covenants required of it under the Agreement.

22. Despite written demand, PainCare has refused to pay the amount it owes under the Agreement. By reason of PainCare's breach of the Agreement, Shepherd is owed liquidated damages and interest, not exclusive of other available remedies.

23. By reason of the foregoing, PainCare owes Shepherd an amount to be determined at trial, but not less than $500,000 in liquidated damages and interest, which damages continue to accrue.

## COUNT II

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs

1 through 23 of the Complaint.

25. New York law implies a covenant of good faith and fair dealing in every contract.

26. By virtue of its Agreement with Shepherd, PainCare owes Shepherd a duty of good faith and fair dealing.

27. By its conduct described above, including failing to pay the agreed upon liquidated damages and interest that are owed pursuant to the Agreement, and refusing to respond to Shepherd's demands for payment, PainCare has breached its duty of good faith and fair dealing and caused Shepherd to sustain damages in an amount to be determined at trial, but not less than $500,000, and which amount continues to accrue.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shepherd Investments International, Ltd., prays for judgment against Defendant PainCare Holdings, Inc., as follows:

a) for liquidated damages in the sum of an amount to be determined at trial, not less than $500,000;

b) for interest due through to the date of judgment;

c) for reasonable attorneys' fees;

d) for costs incurred in this action; and

e) for such other and further relief the Court may deem proper.

Dated: New York, New York
November 6, 2007

ROPES & GRAY LLP

By: ______________________________
Lee S. Gayer
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

Attorneys for
SHEPHERD INVESTMENTS INTERNATIONAL, LTD.

COUNSEL:

ROPES & GRAY LLP
Christopher G. Green
Jeff P. Palmer
One International Place
Boston, Massachusetts 02110
(617) 951-7000