UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08
```

| | |
|---|---|
| SHEPHERD INVESTMENTS INTERNATIONAL, LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>PAINCARE HOLDINGS, INC.,<br><br>        Defendant. | **Civil Action No. 07-CIV 9836 (SAS)**<br><br>**SCHEDULING ORDER** |

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b), which was filed on November 28, 2007 (the "Order); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed scheduling order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

(1) <u>Appearances</u>: An initial pretrial conference is scheduled for January 16, 2008. The following attorneys will appear for the parties:

**Plaintiff**

    Lee S. Gayer
    ROPES & GRAY LLP
    1211 Avenue of the Americas
    New York, New York 10036-8704
    Phone: (212) 596-9000
    Fax: (212) 596-9090

**Defendant (*Pro Se*)**

    Albert R. Meyer
    General Counsel
    PainCare Holdings, Inc.
    1030 N. Orange Avenue
    Suite 105
    Orlando, FL 32801
    Phone: (407) 367-0944

(2)    <u>Statement of Issues</u>: Plaintiff Shepherd Investments International, Ltd ("Shepherd") and others entered into a Securities Purchase Agreement ("Agreement") with PainCare Holdings, Inc. ("PainCare") pursuant to which Shepherd purchased certain securities for a total investment amount of approximately $2.3 million. The Agreement required PainCare to cause a Registration Statement covering the securities to be filed and declared effective by the Securities and Exchange Commission ("SEC") by no later than June 1, 2006. The Registration Statement was not declared effective until May 8, 2007, more than eleven months after the deadline set forth in the Agreement. Shepherd contends that it is entitled to liquidated damages and interest in excess of $500,000 pursuant to the terms of the Agreement as a result of Defendant's failure to have the Registration Statement declared effective by the aforementioned deadline. Shepherd has asserted claims for breach of contract and breach of the covenant of good faith and fair dealing. PainCare has served an answer denying liability. Shepherd intends to file a dispositive motion for summary judgment.

(3)    <u>Schedule</u>:

I.    <u>Motion for Summary Judgment</u>:

Shepherd shall serve its letter in support of its proposed motion for summary judgment by Wednesday, January 23, 2008.

PainCare shall file its response letter by Monday, January 28, 2008.

A pre-motion conference shall be held on February ___, 2008.

In the event that the action cannot be resolved at the pre-motion conference, the parties shall agree to a briefing schedule for Shepherd's motion for summary judgment. Said briefing to be completed by February 29, 2008.

II.   Discovery:

(a)   Depositions of the parties to be completed by April 30, 2008.

(b)   All document production to be completed by April 30, 2008.

(c)   Expert discovery (service of reports and expert depositions) to be completed by May 31, 2008.

(d)   All discovery to be completed by June 15, 2008.

(e)   Plaintiff will supply its pre-trial order matters to defendant by June 30, 2008.

(f)   The parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and proposed findings of fact and conclusions of law for a non-jury trial by July 15, 2008.

(g)   A final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) shall be held on _June 26 at 4:30_.

(4)   Limitations on Discovery:   In the event that this matter is not adjudicated on summary judgment, the parties shall endeavor to agree on a protective order as soon as possible after discovery is initiated, and shall submit it to the court for entry;

(5)   Discovery Issues on Which the Parties have been Unable to Reach Agreement:   None known at this time;

(6)   Anticipated Fields of Expert Testimony:   Uncertain at this time;

(7)   Length of Trial:   The parties believe that a trial in this matter would last no longer than two days and would be to the court;

(8) This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires;

(9) The names, address, phone numbers and signatures of counsel are as follows:

By: _____
Lee S. Gayer
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

Christopher G. Green
Jeff P. Palmer
ROPES & GRAY LLP
One International Place
Boston, Massachusetts 02110
(617) 951-7000

*Attorneys for Plaintiff Shepherd Investments International, Ltd.*

By: _____
    Albert R. Meyer
    General Counsel
    PainCare Holdings, Inc.
    1030 N. Orange Avenue
    Suite 105
    Orlando, FL 32801
    Phone: (407) 367-0944
    *Attorney Pro Se, for Defendant PainCare Holdings, Inc.*

SO ORDERED:

_____
SHIRA A. SCHEINDLIN
    U.S.D.J.

1/16/08