Lee S. Gayer
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

Christopher G. Green
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHEPHERD INVESTMENTS
INTERNATIONAL, LTD.,

                Plaintiff,

v.

PAINCARE HOLDINGS, INC.,

                Defendant.

Case No. 07-CIV-9836 (SAS)

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT**

Plaintiff Shepherd Investments International, Ltd., ("Shepherd") respectfully submits this Memorandum of Law in Support of its Motion for Summary Judgment ("Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1.[1] Counsel for Defendant PainCare Holdings, Inc. ("PainCare") has advised that PainCare does not intend to oppose this Motion.

---

[1] Pursuant to Local Civil Rule 56.1, Plaintiff submits herewith a statement of undisputed material facts ("Rule 56.1 Statement"). Copies of documents referred to herein, or in the Rule 56.1 Statement, are contained in a separately-submitted volume of exhibits to the accompanying Declaration of Christopher G. Green, Esq. in Support of Plaintiff's Motion for Summary Judgment ("Green Declaration").

10884720_4.DOC

## INTRODUCTION

The undisputed facts warrant entry of summary judgment in favor of Shepherd. Those facts include the following: (i) that Shepherd and Defendant PainCare entered into a binding Securities Purchase Agreement, dated December 29, 2005 (the "Agreement") pursuant to which Shepherd purchased certain securities from PainCare; (ii), that the Agreement required PainCare to have a Registration Statement covering the securities at issue filed and declared effective by June 1, 2006; (iii), that the Registration Statement was not declared effective until May 8, 2007, more than eleven months after the deadline; (iv) that the Agreement contains a liquidated damages provision that imposes liquidated damages for certain defined "Events," including a delay in the effectiveness of a Registration Statement; (v), that despite multiple demands by Shepherd, PainCare has refused to pay liquidated damages, as required by the Agreement; and (vi), finally, that pursuant to the Agreement, PainCare owes interest at the rate of one percent (1%) per month, which continues to accrue.

There is no asserted, much less valid, excuse for PainCare's failure to make payment to Shepherd, and PainCare has never offered one. Instead, PainCare has attempted to delay the day of reckoning by making repeated assurances that it would offer some type of "proposal" to Shepherd. No such proposal has ever materialized. Thus, Shepherd has had to commence this action. In light of PainCare's counsel's representation that PainCare will not be opposing this Motion, the Court should promptly grant the relief to which Shepherd is entitled. Accordingly, Shepherd respectfully requests that the Court enter an order:

(i) granting summary judgment in favor of Shepherd with respect to its claims for breach of contract and breach of the implied covenant of good faith and fair dealing, as alleged in its Complaint filed on November 6, 2007 ("Complaint");

(ii) directing the Clerk to enter a judgment in favor of Shepherd in the amount of $538,514, consisting of the following components: (a) liquidated damages in the in the amount of $465,000 pursuant to Section 6(b)(iv) of the Agreement; and (b) interest at the rate of 1% per month on all unpaid liquidated damages pursuant to Section 6(b)(iv) of the Agreement, from July 2, 2006 through March 2, 2008, in the amount of $73,514;

(iii) awarding Shepherd its costs and attorneys' fees in this action, particularly given the circumstances present here, where PainCare does not dispute Shepherd's claim but nonetheless forced Shepherd to incur fees to pursue this action; and

(iv) awarding such other and further affirmative relief in favor of Shepherd as the Court deems just and proper.

## STATEMENT OF FACTS

The pertinent facts are based upon the Agreement and other documentary evidence, and are not in dispute.

**A.     PainCare's Failure to Perform Pursuant to the Securities Purchase Agreement**

On December 29, 2005, Defendant PainCare and various investors, including Shepherd, entered into a Securities Purchase Agreement concerning the sale of PainCare stock. Rule 56.1 Statement ¶ 1; Green Declaration ¶ 2, Ex. A (Agreement). The sale of the securities pursuant to the Agreement closed on January 30, 2006. Rule 56.1 Statement ¶ 2. It is undisputed that Section 6 of the Agreement, the Registration Rights provision, obligated PainCare to cause a Registration Statement covering, among other securities, the resale of the securities purchased by Shepherd, to be filed and declared effective by the Securities and Exchange Commission ("SEC") no later than 120 calendar days after the closing of the sale of the securities, *i.e.*, by June 1, 2006. *See* Rule 56.1 Statement ¶ 3; Green Declaration ¶ 2, Ex. A (Agreement § 6(b)(ii) at 20).

It is undisputed that the Registration Statement was not declared effective until May 8, 2007, more than eleven months after the applicable deadline. Rule 56.1 Statement ¶ 4.

**B.     The Liquidated Damages Provision**

The Agreement provides that Shepherd shall be entitled to liquidated damages in the event the Registration Statement is not declared effective by June 1, 2006. *See* Rule 56.1 Statement ¶ 5; Green Declaration ¶ 2, Ex. A (§ 6(b)(iv) at 20). Specifically, Section 6(b)(iv) of the Agreement, in part, provides:

> Should an Event (as defined below) occur, then upon the occurrence of such Event, and on every monthly anniversary thereof until the applicable Event is cured, as partial relief for the damages suffered therefrom by [Shepherd] (which remedy shall not be exclusive of any other remedies available under this

Agreement, at law or in equity), [PainCare] shall pay to [Shepherd] an amount in cash, as liquidated damages and not as a penalty, equal to 1.0% (the "Percentage") of the aggregate Purchase Price paid or payable by [Shepherd] for the Securities; provided that if the Event shall continue for three (3) months, beginning with the fourth month, the Percentage shall be increased to 2%. The payments to which [Shepherd] shall be entitled pursuant to this Section 6(b)(iv) are referred to herein as "Event Payments". In the event [PainCare] fails to make Event Payments in a timely manner, such Event Payments shall bear interest at the rate of 1.0% per month until paid in full. For such purposes, each of the following shall constitute an "Event":

(1)    the Registration Statement is not filed on or prior to the Filing Date or is not declared effective on or prior to the Required Effectiveness Date, except as a result of any action or inaction of [Shepherd]; . . . .

*Id.*

Pursuant to Section 6(b)(iv) of the Agreement, cash liquidated damages of 1% of Shepherd's investment amount began accruing on June 2, 2006 (the "Event Date") and continued to accumulate and accrue at the rate of 1% for each monthly anniversary of such Event Date until the fourth monthly anniversary of the Event Date. Rule 56.1 Statement ¶ 6; Green Declaration ¶ 2, Ex. A (§ 6(b)(iv) at 20). Under the terms of the Agreement, beginning with the fourth month, the monthly rate for the liquidated damages increased to 2% of Shepherd's investment amount. Rule 56.1 Statement ¶ 7; Green Declaration ¶ 2, Ex. A (Agreement § 6(b)(iv) at 20). On May 8, 2007, the Registration Statement finally became effective and the accrual of liquidated damages ceased. *See* Rule 56.1 Statement ¶ 4. Accordingly, there can be no dispute that liquidated damages in the amount of $465,000, not including interest, are due and owing to Shepherd pursuant to the Agreement. *See* Rule 56.1 Statement ¶ 8; Green Declaration ¶ 3, Ex. B (Affidavit of Brian H. Davidson ("Davidson Affidavit") attaching damages spreadsheet).

C.     **The Interest Provision**

As reflected in the text of Section 6(b)(iv) quoted above, interest on the unpaid liquidated damages began accruing, at 1% per month, when PainCare failed to make its first monthly liquidated damages payment. *See* Rule 56.1 Statement ¶ 9; Green Declaration ¶ 2, Ex. A (§ 6(b)(iv) at 20). The amount of interest that will have accrued from July 2, 2007 (30 days

after the first liquidated damages payment was due) through March 2, 2008 is $73,514.[2] *See* Rule 56.1 Statement ¶ 10; Green Declaration ¶ 3, Ex. B (Affidavit of Brian H. Davidson attaching damages spreadsheet).

As a consequence of the Registration Statement not being effective by June 1, 2006, Shepherd is owed $538,514 in liquidated damages and interest through March 2, 2008. *See* Rule 56.1 Statement ¶¶ 8, 10 and 18; Green Declaration ¶ 3, Ex. B (Davidson Affidavit).

**D.    Demands for Payment to PainCare**

On October 30, 2006, Shepherd sent a letter to PainCare demanding payment of the liquidated damages and interest owed to Shepherd under the Agreement at that time. *See* Rule 56.1 Statement ¶ 11; Green Declaration ¶ 4, Ex. C. Shepherd did not respond in writing to that letter. Rule 56.1 Statement ¶ 12.

On or about December 21, 2006 counsel for PainCare advised Shepherd that PainCare would be making some type of proposal with respect to payment of the amounts owed to Shepherd. *See* Rule 56.1 Statement ¶ 13; Green Declaration ¶ 5, Ex. D. No such proposal was ever made. Rule 56.1 Statement ¶ 14.

On or about July 25, 2007, counsel for Shepherd sent a second letter to PainCare demanding payment of the liquidated damages and interest then owed to Shepherd under the Agreement. *See* Rule 56.1 Statement ¶ 15. PainCare also failed to respond to this second demand, thus requiring Shepherd to commence this action.

At an Initial Conference conducted in this action on January 16, 2008, counsel for

---

[2] Because the amount of interest can be easily determined based on reference to the terms of the Agreement itself, and without the necessity of reference to outside sources, there is no necessity for an inquest on the issue of damages. *See DirectTV, Inc. v. Hamilton,* 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (a court has discretion to rely on affidavits or documentary evidence in lieu of an evidentiary hearing when determining damages). Here, although interest continues to accrue at the rate of 1% per month, Shepherd is only seeking interest on unpaid liquidated damages through March 2, 2008, the twenty-first anniversary of the Event Date, and the last anniversary of the Event Date likely to accrue before the Court rules on this Motion and, if granted, the entry of judgment. Accordingly, Shepherd requests that the Court direct that judgment be entered for the liquidated damages amount, and for the amount of interest due and owing through March 2, 2008, for the total sum of $538,514.

PainCare advised that efforts would be made to extend a proposal to Shepherd with respect to payment. No such proposal has been made as of this date. Rule 56.1 Statement ¶ 14.

Thus, PainCare has never offered any excuse for its failure to make payment to Shepherd of the amounts owed under the Agreement and, despite its assurances, has never made any proposal with respect to such payment. *See* Rule 56.1 Statement ¶¶ 11-16.[3]

As noted above, PainCare's counsel has represented that PainCare does not intend to oppose Shepherd's motion for summary judgment. *See* Green Declaration ¶ 7. Accordingly, Shepherd respectfully requests that the Court issue an immediate order granting Shepherd summary judgment and awarding the requested damages.

**SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF SHEPHERD**

The rules applicable to motions for summary judgment are well established – Shepherd is entitled to judgment as a matter of law where there is no genuine dispute as to any material fact. Fed R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The substantive law governing an action identifies the "material" facts.[4] *Anderson*, 477 U.S. at 248. Any dispute about those material facts must be "genuine"; that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000).

Here, Shepherd's entitlement to summary judgment is established by the plain terms of the Agreement. There is no question that PainCare breached the terms of the Agreement by failing to have a Registration Statement declared effective by the deadline set forth in the Agreement, and then by failing to pay the liquidated damages and interest provided for in the

---

[3] It should be noted that the Answer served by PainCare, but which apparently has never been filed with the Court, does not dispute any of the pertinent facts set forth above. *See* Green Declaration ¶ 6, Ex. E (Defendant's Answer). Shepherd is uncertain as to why PainCare has not seen fit to file its Answer. Shepherd notes, however, that aside from bland denials of liability, and the interposition of some boilerplate defenses, the Answer does not provide any excuse for PainCare's non-payment of the amounts due to Shepherd.

[4] The Agreement is governed by the laws of the State of New York. *See* Green Declaration ¶ 2, Ex. A (Agreement § 9(a) at 30 (MISCELLANEOUS, Governing Law; Jurisdiction; Jury Trial)).

Agreement. *See Wechsler v. Hunt Health Systems, Ltd.*, 330 F.Supp.2d 383, 418 (S.D.N.Y. 2004) (failure to pay liquidated damages owed pursuant to a contract is a material breach). PainCare cannot raise any material issue of fact with respect to the clear terms of the Agreement and, in fact, it has never done so. Accordingly, Shepherd is entitled to summary judgment with respect to Count I of the Complaint. *See, Goldstein v. AccuScan, Inc.*, 2 N.Y.3d 811, 812, 782 N.Y.S.2d 50 (2004) ("When parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms.").

There also is no question that PainCare compounded its material breaches of the Agreement by engaging in inappropriate tactics in its dealings with Shepherd. PainCare has consistently sought to delay having to make payment by issuing assurances to Shepherd that it would issue a proposal with respect to payment. This conduct continued at the Initial Conference before this Court on January 16, 2008, at which counsel for PainCare advised the Court that efforts would be made to make a concrete proposal to Shepherd. No such proposal has been forthcoming. Instead, PainCare has now advised that it will not oppose this Motion.

New York law implies a covenant of good faith and fair dealing in every contract. *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1575 (2d. Cir. 1994). By virtue of its Agreement with Shepherd, PainCare owes Shepherd a duty of good faith and fair dealing. *Id.* PainCare's bad faith failure to pay the agreed upon liquidated damages and interest owed pursuant to the Agreement, and its ongoing strategy of delay, constitutes a breach of the implied covenant of good faith and fair dealing. Accordingly, Shepherd also is entitled to summary judgment on Count II of the Complaint.

## CONCLUSION

For the foregoing reasons, Shepherd respectfully requests that the Court enter an order:

    (i)    granting summary judgment in favor of Shepherd with respect to its claims for breach of contract and breach of the implied covenant of good faith and fair dealing, as alleged in the Complaint;

    (ii)    directing the Clerk to enter a judgment in favor of Shepherd in the amount of $538,514, consisting of the following components: (a) liquidated damages in the in the amount of $465,000 pursuant to Section

        6(b)(iv) of the Agreement; and (b) interest at the rate of 1% per month on all unpaid liquidated damages pursuant to Section 6(b)(iv) of the Agreement, from July 2, 2006 through March 2, 2008, in the amount of $73,514;

(iii)    awarding Shepherd its costs and attorneys' fees in this action, particularly given the circumstances present here, where PainCare does not dispute Shepherd's claim, but nonetheless forced Shepherd to incur fees to pursue this action; and

(iv)    awarding such other and further affirmative relief in favor of Shepherd as the Court deems just and proper.

Dated: New York, New York
February 1, 2008

Respectfully submitted,

ROPES & GRAY LLP

By /s/ Lee S. Gayer
    Lee S. Gayer
1211 Avenue of the Americas
New York, New York 10036-8704
(212) 596-9000

Attorneys for Plaintiff
SHEPHERD INVESTMENTS
INTERNATIONAL, LTD.