Lee S. Gayer
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000

Christopher G. Green
ROPES & GRAY LLP
One International Place
Boston, MA 02110
(617) 951-7000

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHEPHERD INVESTMENTS INTERNATIONAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> PAINCARE HOLDINGS, INC., <br><br> Defendant. | Case No. 07-CIV-9836 (SAS) |

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED
MATERIAL FACTS**

Pursuant to Local Civil Rule 56.1(a), Plaintiff Shepherd Investments International, Ltd. ("Shepherd") provides this Statement of Undisputed Material Facts in support of its Motion For Summary Judgment.

1.  On December 29, 2005, defendant PainCare Holdings, Inc. ("PainCare"), and various investors, including Shepherd, entered into a Securities Purchase Agreement (the "Agreement") concerning the sale of certain PainCare securities. *See* Plaintiff's Complaint

filed on November 6, 2007 ("Complaint") ¶ 6; *admitted* in Defendant's Answer served on December 18, 2007 ("Answer") ¶ 6; *see also* Green Declaration ¶ 2, Ex. A (Agreement).[1]

2.  The sale of the securities pursuant to the Agreement closed on January 30, 2006. *See* Complaint ¶ 8; *admitted* in Answer ¶ 8.

3.  Section 6 of the Agreement, the Registration Rights provision, obligated PainCare to cause a Registration Statement covering, among other securities, the resale of the securities purchased by Shepherd, to be filed and declared effective by the Securities and Exchange Commission ("SEC") no later than 120 calendar days after the closing of the sale of the securities, *i.e.*, by June 1, 2006. Green Declaration ¶ 2, Ex. A (Agreement § 6(b)(ii) at 20).

4.  The Registration Statement became effective on May 8, 2007. *See* Complaint ¶ 10; *admitted* in Answer ¶ 10.

5.  The Agreement provides that Shepherd shall be entitled to liquidated damages in the event the Registration Statement is not declared effective by the SEC by June 1, 2006. Green Declaration ¶ 2, Ex. A (Agreement § 6(b)(iv) at 20).

6.  Cash liquidated damages of 1% of Shepherd's investment amount began accruing on June 2, 2006 (the "Event Date") and continued to accumulate and accrue at the rate of 1% for each monthly anniversary of such Event Date until the fourth monthly anniversary of the Event Date. Green Declaration ¶ 2, Ex. A (Agreement § 6(b)(iv) at 20).

7.  Beginning with the fourth monthly anniversary of the Event Date, the monthly rate for the liquidated damages increased to 2% of Shepherd's investment amount. Green Declaration ¶ 2, Ex. A (Agreement § 6(b)(iv) at 20).

8.  The amount of liquidated damages, not including interest that PainCare owes Shepherd, is $465,000. *See* Green Declaration ¶¶ 2-3, Exs. A (Agreement § 6(b)(iv) at 20) and B (Affidavit of Brian H. Davidson ("Davidson Affidavit") attaching damages spreadsheet).

---

[1] All citations to Exhibits contained in this Statement of Undisputed Material Facts reference the Exhibits attached to the Declaration of Christopher G. Green, Esq. in Support of Plaintiff's Motion for Summary Judgment ("Green Declaration").

9. Interest on the unpaid liquidated damages has accrued at 1% per month, and continues to accrue. *See* Green Declaration ¶ 2, Ex. A (Agreement § 6(b)(iv) at 20).

10. The amount of interest on unpaid liquidated damages that PainCare owes Shepherd, through March 2, 2008, is $73,514. *See* Green Declaration ¶¶ 2-3, Exs. A (Agreement § 6(b)(iv) at 20) and B (Davidson Affidavit).

11. On October 30, 2006, Shepherd duly sent a letter to PainCare demanding payment of the liquidated damages and interest owed to Shepherd under the Agreement. *See* Complaint ¶ 14; *admitted* in Answer ¶ 14; *see also* Green Declaration ¶ 4, Ex. C

12. PainCare never denied in any correspondence that it was liable for the liquidated damages owed pursuant to the Agreement.

13. On or about December 21, 2006 counsel for PainCare advised Shepherd that PainCare would be making a proposal with respect to payment of the amounts owed to Shepherd. *See* Green Declaration ¶ 5, Ex. D.

14. PainCare never made a proposal to Shepherd concerning the payment of the amounts owed to Shepherd.

15. On or about July 25, 2007, counsel for Shepherd sent a second letter to PainCare demanding payment of the liquidated damages and interest owed to Shepherd under the Agreement. *See* Complaint ¶ 16; *admitted* in Answer ¶ 16.

16. PainCare never responded to the letter that counsel for Shepherd sent to PainCare on or about July 25, 2007. *See* Complaint ¶ 17; *admitted* in Answer ¶ 17.

17. PainCare has not paid any liquidated damages or interest to Shepherd pursuant to the Agreement.

18. The total amount of liquidated damages and interest that PainCare owes to Shepherd through March 2, 2008 is $538,514. *See* Green Declaration ¶¶ 2-3, Exs. A (Agreement § 6(b)(iv) at 20) and B (Davidson Affidavit).

10885813_1.DOC

3

Dated: New York, New York
February 1, 2008

Respectfully submitted,

ROPES & GRAY LLP

By /s/ Lee S. Gayer
     Lee S. Gayer
1211 Avenue of the Americas
New York, New York 10036-8704
(212) 596-9000

Attorneys for Plaintiff
SHEPHERD INVESTMENTS
INTERNATIONAL, LTD.