assign any other rights under this Agreement or obligations hereunder without the prior written consent of the Company, which consent shall not be unreasonably withheld.

(h) No Third Party Beneficiaries. This Agreement is intended for the benefit of the parties hereto and their respective permitted successors and assigns, and is not for the benefit of, nor may any provision hereof be enforced by, any other Person.

(i) Survival. Unless this Agreement is terminated under Section 8, the representations, warranties and covenants of the Company and the Buyers contained herein shall survive the Closing for a period of two (2) years. Each Buyer shall be responsible only for its own representations, warranties, agreements and covenants hereunder.

(j) Further Assurances. Each party shall do and perform, or cause to be done and performed, all such further acts and things, and shall execute and deliver all such other agreements, certificates, instruments and documents, as any other party may reasonably request in order to carry out the intent and accomplish the purposes of this Agreement and the consummation of the transactions contemplated hereby.

(k) No Strict Construction. The language used in this Agreement will be deemed to be the language chosen by the parties to express their mutual intent, and no rules of strict construction will be applied against any party.

(l) Remedies. Each Buyer and each holder of the Securities shall have all rights and remedies set forth in the Transaction Documents and all rights and remedies which such holders have been granted at any time under any other agreement or contract and all of the rights which such holders have under any law. Any Person having any rights under any provision of this Agreement shall be entitled to enforce such rights specifically (without posting a bond or other security), to recover damages by reason of any breach of any provision of this Agreement and to exercise all other rights granted by law. Furthermore, the Company recognizes that in the event that it fails to perform, observe, or discharge any or all of its obligations under the Transaction Documents, any remedy at law may prove to be inadequate relief to the Buyers. The Company therefore agrees that the Buyers shall be entitled to seek temporary and permanent injunctive relief in any such case without the necessity of proving actual damages and without posting a bond or other security.

(m) Rescission and Withdrawal Right. Notwithstanding anything to the contrary contained in (and without limiting any similar provisions of) the Transaction Documents, whenever any Buyer exercises a right, election, demand or option under a Transaction Document and the Company does not timely perform its related obligations within the periods therein provided, then such Buyer may rescind or withdraw, in its sole discretion from time to time upon written notice to the Company, any relevant notice, demand or election in whole or in part without prejudice to its future actions and rights

(n) Payment Set Aside. To the extent that the Company makes a payment or payments to the Buyers hereunder or pursuant to any of the other Transaction Documents or the Buyers enforce or exercise their rights hereunder or thereunder, and such payment or payments or the proceeds of such enforcement or exercise or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside, recovered from, disgorged by or are required to be refunded, repaid or otherwise restored to the Company, a trustee, receiver or any other Person under any law (including, without limitation, any bankruptcy law, state or federal law, common law or equitable cause of action), then to the extent of any such restoration the obligation or part thereof originally intended to be satisfied shall

Securities Purchase Agreement (draft from O.C.)-Final (N0583265.DOC;2)            Page 33 of 44

be revived and continued in full force and effect as if such payment had not been made or such enforcement or setoff had not occurred.

(o) Replacement of Securities. If any certificate or instrument evidencing any Securities is mutilated, lost, stolen or destroyed, the Company shall issue or cause to be issued in exchange and substitution for and upon cancellation thereof, or in lieu of and substitution therefor, a new certificate or instrument, but only upon receipt of evidence reasonably satisfactory to the Company of such loss, theft or destruction and customary and reasonable indemnity, if requested.

(p) Liquidated Damages. The Company's obligations to pay any partial liquidated damages or other amounts owing under the Transaction Documents is a continuing obligation of the Company and shall not terminate until all unpaid partial liquidated damages and other amounts have been paid notwithstanding the fact that the instrument or security pursuant to which such partial liquidated damages or other amounts are due and payable shall have been canceled.

(q) Independent Nature of Buyers' Obligations and Rights. The obligations of each Buyer under any Transaction Document are several and not joint with the obligations of any other Buyer, and no Buyer shall be responsible in any way for the performance of the obligations of any other Buyer under any Transaction Document. Nothing contained herein or in any other Transaction Document, and no action taken by any Buyer pursuant hereto or thereto, shall be deemed to constitute the Buyers as a partnership, an association, a joint venture or any other kind of entity, or create a presumption that the Buyers are in any way acting in concert or as a group with respect to such obligations or the transactions contemplated by the Transaction Documents and the Company acknowledges that the Buyers are not acting in concert or as a group with respect to such obligations or the transactions contemplated by the Transaction Documents. Each Buyer confirms that it has independently participated in the negotiation of the transaction contemplated hereby with the advice of its own counsel and advisors. Each Buyer shall be entitled to independently protect and enforce its rights, including, without limitation, the rights arising out of this Agreement or out of any other Transaction Documents, and it shall not be necessary for any other Buyer to be joined as an additional party in any proceeding for such purpose.

[Signature Page Follows]

{203840.0002/N0583265_2}

1

Securities Purchase Agreement (draft from O.C.)-Final (N0583265.DOC;2)    Page 34 of 44

**IN WITNESS WHEREOF**, each Buyer and the Company have caused its respective signature page to this Securities Purchase Agreement to be duly executed as of the date first written above.

**COMPANY:**
**PAINCARE HOLDINGS, INC.**

By: /s/ Randy Lubinsky
    Name: Randy Lubinsky
    Title: CEO

{203840.0002/N0583265_2}

1

Securities Purchase Agreement (draft from O.C.)-Final (N0583265.DOC;2)    Page 35 of 44

IN WITNESS WHEREOF, each Buyer and the Company have caused their respective signature page to this Securities Purchase Agreement to be duly executed as of the date first written above.

**BUYER:**

By:
    Name:                                                          Title:

{203840.0002/N0583265_2}

2

Securities Purchase Agreement (draft from O.C.)-Final (N0583265.DOC;2)   Page 36 of 44

## SCHEDULE OF BUYERS

| Entity | Shares | Purchase Price | Amount | Warrants |
|---|---|---|---|---|
| Shepherd Investments International, Ltd. By: Stark Offshore Management, LLC | 750,000 | $3.10 | $2,325,000.00 | 306,325 |
| Capital Ventures International By: Heights Capital Management, Inc. | 322,581 | $3.10 | $1,000,001.10 | 131,753 |
| Crown Investment Partners, LP | 160,000 | $3.10 | $ 496,000.00 | 65,350 |
| The Crown Advisors #3 | 33,000 | $3.10 | $ 102,300.00 | 13,478 |
| The Crown Advisors #5 | 33,000 | $3.10 | $ 102,300.00 | 13,478 |
| Midsummer Investment, Ltd. | 806,452 | $3.10 | $2,500,001.20 | 329,381 |
| Lagunitas Partners, LP | 700,000 | $3.10 | $2,170,000.00 | 285,903 |
| Gruber & McBaine International | 260,000 | $3.10 | $ 806,000.00 | 106,192 |
| Jon D and Linda W Gruber Trust | 120,000 | $3.10 | $ 372,000.00 | 49,012 |
| J Patterson McBaine | 120,000 | $3.10 | $ 372,000.00 | 49,012 |

{203840.0002/N0583265_2}

1