# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHEPHERD INVESTMENTS INTERNATIONAL, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>PAINCARE HOLDINGS, INC.<br><br>Defendant. | Civil Action No. 07-CIV 9836<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES |

Defendant, PainCare Holdings, Inc., by and through their undersigned counsel, respectfully submits its Answer, Affirmative Defenses and Jury Demand to Shepherd Investments' Complaint for breach of contract, breach of implied covenant of good faith and fair dealing. In support hereof, Defendant responds to the similarly number paragraphs as set forth in the Complaint:

## NATURE OF THE ACTION

1. Denied

## PARTIES

2. Defendant is without knowledge or sufficient information to form an opinion as to the truth of the averments contained in Paragraph 2 of the Complaint, and therefore, deny such averments.

3. Admitted

## JURISDICTION AND VENUE

4. Admitted of jurisdictional purposes only.

5. Admitted for venue purposes only.

## GENERAL ALLEGATIONS

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendant admits that the terms of the Agreement (as defined in the Complaint) speaks for itself as to its terms. Except as may be expressly admitted, Defendant denies the averments in paragraph 9 of the Complaint.

10. Admitted.

11. Defendant admits that the terms of the Agreement (as defined in the Complaint) speaks for itself as to its terms. Except as may be expressly admitted, Defendant denies the averments in paragraph 11 of the Complaint.

12. Defendant admits that the terms of the Agreement (as defined in the Complaint) speaks for itself as to its terms. Except as may be expressly admitted, Defendant denies the averments in paragraph 12 of the Complaint.

13. Defendant is without knowledge or sufficient information to form an opinion as to the truth of the averments contained in Paragraph 13 of the Complaint, and therefore, deny such averments.

14. Admitted as to the fact Plaintiff sent a letter to the Defendant on or around October 30, 2006, but Defendant denies the averments relating to Defendant's alleged liability under the Agreement.

15. Defendant is without knowledge or sufficient information to form an opinion as to the truth of the averments contained in Paragraph 15 of the Complaint, and therefore, deny such averments.

16. Admitted as to the fact Plaintiff sent a letter to the Defendant on or around July 25, 2007, but Defendant denies the averments relating to Defendant's alleged liability under the Agreement.

17. Admitted.

## COUNT I

## BREACH OF CONTRACT

18. With respect to paragraph 18 of the Complaint, Defendant incorporates by references all response contained within this Answer.

19. Admitted

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

## COUNT II

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24. With respect to paragraph 24 of the Complaint, Defendant incorporates by references all response contained within this Answer.

25. Admitted with respect to New York law imposing an implied covenant of good faith and fair dealing in every contract, however, Defendant denies any allegation of liability which may be contained in this averment.

26. Admitted.

27. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred under the doctrine of estoppel.

### Second Affirmative Defense

Plaintiff's claims are barred under the doctrine of laches.

### Third Affirmative Defense

Plaintiff's claims are barred under the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred under the doctrine of frustration of purpose.

### Fifth Affirmative Defense

Plaintiff's claims are barred or limited by its failure to mitigate its damages.

WHEREFORE, the Defendants request judgment against the Plaintiff and the Court award the Defendants it attorney's fees and costs in defense of this action and such other relief the Court may deem proper.

Dated: Orlando, Florida

December 17, 2007

By: /s/ Albert R. Meyer
Albert R. Meyer
1030 N. Orange Avenue
Suite 105
Orlando, FL 32801
407-367-0944
Attorney for Defendant PainCare Holdings, Inc.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and complete copy of the foregoing was sent via FedEx to: Lee S. Gayer, Ropes and Gray, LLP, 1211 Avenue of the Americas, New York, NY 10036-8704 this 17th day of December 2007.

/s/ Albert R. Meyer
Albert R. Meyer
1030 N. Orange Avenue
Suite 105
Orlando, FL 32801
407-367-0944
Attorney for Defendant PainCare Holdings, Inc.